UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NOIL 2018, LLC,
and BASHAR KHADER,

                    Plaintiffs,

                                              Case No. 21-cv-392-pp

        v.

UNITED STATES,

                    Defendant.

## ORDER DEEMING WITHDRAWN THE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 2), GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (DKT. NO. 10) AND SETTING DEADLINES FOR BRIEFING DISPOSITIVE MOTIONS

        The plaintiffs filed this lawsuit after the Food and Nutrition Service (FNS) disqualified them from participating in the Supplemental Nutrition Assistance Program (SNAP), as an authorized retailer, for a period of three years. The defendant disqualified the plaintiffs from SNAP because they had been disqualified from the Supplemental Food Program for Women, Infants and Children (WIC) for a violation. The plaintiffs challenge what is called a reciprocal disqualification—one that is mandated by statute when a retailer is disqualified from WIC. The relevant statute and the implementing regulation preclude judicial review of a reciprocal SNAP disqualification. The plaintiffs acknowledge that, but argue they still may (1) challenge the defendant's failure to comply with the regulations and (2) ask the court to review the denial of a hardship civil money penalty in lieu of a disqualification.

1

In April of this year—a month after the plaintiffs filed their complaint but before they had served the defendant—the plaintiffs filed a motion for preliminary injunction under 7 U.S.C. §2023(a)(7). Dkt. No. 2. The motion was fully briefed as of May 12, 2021. Dkt. No. 8. The court set a hearing on the motion for the first available date given the court's trial and hearing schedule— October 20, 2021. Dkt. No. 9. The defendant subsequently filed a motion to dismiss, arguing that the court lacked subject matter jurisdiction and/or that the complaint failed to state a claim. Dkt. No. 10. That motion was fully briefed as of July 26, 2021. Dkt. No. 18. On September 2, 2021—after the motion to dismiss had been fully briefed—the defendant filed the administrative record. Dkt. No. 21, 22.

On October 20, 2021—the day the court was scheduled to hold the hearing on the plaintiffs' motion for a preliminary injunction—the plaintiffs withdrew that motion, explaining that the plaintiffs' store had closed. Dkt. No. 23. They indicated, however, that although they no longer sought injunctive relief, they wished to proceed with the remainder of the litigation. Id. Although the plaintiffs withdrew the motion for injunctive relief, the court held the October 20, 2021 hearing and provided the parties with an oral ruling on the motion to dismiss. This is the more detailed, written version of that ruling.

I.      Defendant's Motion to Dismiss (Dkt. No. 10)

The defendant moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Dkt. No. 10. The defendant first argues that the plain language of 7 U.S.C.

2

§2021(g)(2)(C) and 7 C.F.R. §278.6(e)(8)(iii)(C) excludes judicial review of reciprocal SNAP disqualifications on retail stores disqualified from WIC. Next, the defendant argues that the court can dismiss the plaintiffs' claim because the defendant complied with all regulations. (In a footnote, the defendant suggested that the court might want to wait for the administrative record to decide whether the plaintiffs had stated a claim and said that it would not oppose abeyance of the decision in this respect. Dkt. No. 11 at 23, n.9. The defendant filed the administrative record on September 2, 2021. Dkt. No. 21, 22. For reasons the court will discuss below, the court did not rely on that record in reaching this decision.)

II.     Standard of Review

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). In evaluating a challenge to subject matter jurisdiction, the court must first determine whether the moving party has raised a factual or facial challenge. Apex Dig., Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009). A factual challenge asserts that "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction" even if the pleadings are sufficient, id. at 444 (quoting United Phosphorous, Ltd. v. Angus Chm. Co., 332 F.3d 942, 946 (7th Cir. 2003)), so "no presumptive truthfulness attaches to the plaintiff's allegations," Boim v. Am. Muslims for Palestine, 9 F.4th 545, 558 (7th Cir. 2021). With a factual challenge, the court may consider and weigh evidence

3

outside the pleadings to determine whether it has the power to adjudicate the action. Bazile v. Finance System of Green Bay, Inc., 983 F.3d 274, 279 (7th Cir. 2020). In contrast, a facial challenge argues that the plaintiff has not sufficiently "alleged a basis for subject matter jurisdiction." Apex Dig., 572 F.3d at 444. A facial challenge requires the court to "take the allegations in the complaint as true." Id. Whenever a defendant challenges subject matter jurisdiction, the plaintiffs bear the burden of establishing that it exists. Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell, 770 F.3d 586, 588–89 (7th Cir. 2014).

The defendant asserts that the motion to dismiss "appears to meet the factual criteria, as the defendant contends that under 7 U.S.C. §2021(g)(2)(C) and 7 C.F.R. §278.6(e)(8)(iii)(C) judicial review over the plaintiffs' claims is *in fact* not permitted." Dkt. No. 11 at 4. The plaintiffs did not opine on whether the defendant brings a facial or factual challenge. At least one court has construed a similar argument be a facial attack. Al-Sharari v. United States, No. 3:18CV1472, 2019 WL 2641748, *2 (N.D. Ohio June 27, 2019) ("Here the government asserts a facial challenge: namely, 7 U.S.C. §2021(g)(2)(C) precludes judicial review."). The defendant's motion appears to this court to be closer to a factual than a facial challenge because the defendant argues that even though the plaintiffs pled subject matter jurisdiction, it does not exist in this case. But the distinction does not affect the court's review; the court is able to resolve the issue by looking at the complaint, the statutory and

regulatory language and case law and has no need to consider the underlying facts.

Meanwhile, a Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. Hallinan, 570 F.3d at 820. "Evaluating the sufficiency of a complaint is not a 'fact-based' question of law." Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009). When evaluating a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiffs' favor. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). It is not necessary for the complaint to contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In this context, "plausible," as opposed to "merely conceivable or speculative," means that the plaintiff must include "enough details about the subject-matter of the case to present a story that holds together." Carlson v. CSX Transp., Inc., 758 F.3d 819, 826-27 (7th Cir. 2014) (quoting Swanson v. Citibank, N.A., 614 F.3d 400, 404-05 (7th Cir. 2010)). "[T]he proper question to ask is still could these things have happened,

5

not did they happen." Id. at 827 (internal quotation and citation omitted). The plaintiff "need not 'show' anything to survive a motion under Rule 12(b)(6)—he need only allege." Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

In ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all the factual allegations in the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombley, 550 U.S. at 555-56). It must draw all reasonable inferences in favor of the plaintiff. Marquez v. Weinstein, Pinson & Riley, P.S., 836 F.3d 808, 810 (7th Cir. 2016). A court may grant a Rule 12(b)(6) motion to dismiss when "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir. 1999)).

III.    Factual Background

A.    *WIC and SNAP*

Congress established the Food Stamp Program in 1964, seeking to feed low-income individuals and strengthen the nation's agricultural economy. Fells v. United States, 627 F.3d 1250, 1252 (7th Cir. 2010). The Act authorizes the Secretary of Agriculture to promulgate regulations to implement the program. Id. Congress replaced the coupons used by the program with an Electronic Benefits Transfer in 1996. Id. In 2008, it renamed the program SNAP. Id.

WIC is a "federal program designed to provide specific food supplements to pregnant and postpartum women, infants, and young children." J.C.C. Food & Liquors v. United States, No. 96 C 6461, 1997 WL 55960, *1 (N.D. Ill. Feb. 1,

1997). "State and local agencies receive federal grants to fund the distribution of food benefits to eligible participants" and the states must ensure that grocers authorized to accept WIC benefits comply with the regulations. Id.

The FNS administers WIC at the federal level under applicable regulations. Id. The Department of Agriculture contracts with the State of Wisconsin to voluntarily implement the program through the Wisconsin Department of Health Services under 7 C.F.R. §§246.1, *et seq.*

B.    *Complaint*

The plaintiffs operated a retail food store located at 4025 W. Burleigh, Milwaukee, Wisconsin. Dkt. No. 1 at ¶1. The plaintiffs participated in SNAP and WIC. Id. at ¶¶2, 11. On September 23, 2019, the Department of Health Services sent the plaintiffs a "NOTICE OF WIC VENDOR VIOLATION" for the audit period of February 1, 2019 through July 31, 2019. Dkt. No. 1-2 at 4. The notice said that "the Vendor has had at least three incidents in which there were claims for reimbursement for the sale of a specific authorized food in an amount that exceeded the Vendor's documented inventory of that food for the audit period." Dkt. No. 1-2 at 4. The letter invited the plaintiffs to provide additional receipts, invoices or inventory records. Id.

On April 6, 2020, the State of Wisconsin, Department of Health Services sent, by certified mail, a single document titled: "Notice and Order, Notice of Termination of WIC Authorization; Notice of Disqualification; Notice and Order of Recoupment; Notice and Order of Forfeiture; Notice of Violation; and Notice of Right to Appeal." Dkt. No. 1-2 at 5. Among other things, the Notices stated:

7

- Noil Foods is DISQUALIFIED from participating as a WIC vendor for three (3) years for the reasons set forth below pursuant to Wis. Stat. § 253.06(5)(b)3 and Wis. Admin. Code § DHS 149.10(3)(b). The 3-year disqualification will be effective 15 days following your receipt of this Notice and Order unless you make a timely request for a hearing.

- Noil Foods is ORDERED TO REIMBURSE the WIC Program $36,071.95 and an enforcement assessment of $18,035.97 as required by Wis. Stat. § 253.06(5)(c). The total recoupment is **$54,107.92**.

- Noil Foods is ORDERED TO PAY a forfeiture of $7,000.00 and an enforcement assessment of $3,500.00 to the WIC Program as required by Wis. Stat. § 253.06(5)(b)4 and (c). The total forfeiture is **$10,500.00**.

- The basis for the termination and disqualification of the WIC Vendor authorization and the recoupment (reimbursement) and forfeiture is the pattern of violations represented by a compliance review more fully described [in the notice].

- On August 20, 2019, a letter was delivered in-person by WIC Vendor Staff to Noil Foods with a request for records for the period of February 1, 2019 through July 31, 2019 in conjunction with its compliance review. To date, Noil Foods has failed to submit sufficient supplier invoices to support the quantity of WIC food items for which Noil Foods received reimbursement from the WIC program during the time period in question.

- Disqualification from WIC may also result in disqualification as a retailer in the Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program. Such disqualification is not subject to administrative or judicial appeal under SNAP. *See* 7 CFR § 246.18(b)(1).

Dkt. No. 1-2 at pp. 5-13. The notices (combined as a single document) also included instructions for how to appeal the termination of WIC authorization, the three-year disqualification of the WIC vendor authorization and the

recoupment, forfeiture and attendant enforcement assessments within ten days of receipt of the notice and order. Id.

The plaintiffs filed a timely appeal and reached a stipulated settlement agreement. Dkt. 1 at ¶13. The plaintiffs agreed to a three-year disqualification as a Wisconsin-authorized WIC vendor effective July 15, 2020. Id.

On October 26, 2020, however, the defendant, acting through the USDA and FNS, issued a Charge Letter, citing the WIC disqualification as a basis for disqualifying the plaintiffs from SNAP for a reciprocal period of three years under 7 C.F.R. §278.6(e)(8)(i). Id. at ¶14. The plaintiffs responded, denied that the USDA was permitted to issue the disqualification and alternatively asked for a hardship civil money penalty (HCMP) instead of the disqualification. Id. at ¶15. The defendant denied the request. Id. at ¶16. The plaintiffs filed for Administrative Review; the denial of the HCMP was upheld. Id. at ¶17.

The plaintiffs seek review under 7 U.S.C. §2023(a)(13)-(15).

IV.    Lack of Jurisdiction Under 12(b)(1)

The defendant argues that the United States is immune from suit unless there is an authorized exception and that there is no exception in this case. Dkt. No. 11 at 13.

A.    *Reciprocal Disqualification from SNAP*

The scope of the court's jurisdiction is governed by 7 U.S.C. §§2023 and 2021. Congress waived sovereign immunity for SNAP by authorizing judicial review in a limited number of FNS actions involving SNAP. 7 U.S.C. §2023. These actions include denial of an application to participate in SNAP under 7

9

U.S.C. § 2018; forfeiture of a bond under 7 U.S.C. §2021(d); denial of a store claim (or part of a claim) under 7 U.S.C. §2022; and disqualification or imposition of a civil money penalty under 7 U.S.C. §2021. See 7 U.S.C. §2023(a)(1), (a)(13). A store aggrieved by any of these actions "may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination." 7 U.S.C. §2023(a)(13). The statute provides that the suit in district court shall be a trial *de novo* in which the court shall determine the validity of the questioned administrative action, except that judicial review under §2025(c) shall be based on a review of the administrative record. 7 U.S.C. §2023(a)(15). The complaint cites §2023(a)(13) as a basis for jurisdiction. Dkt. No. 1 at ¶21.

While §2023 authorizes judicial review of the actions listed in that statute, the violation alleged in this case falls under 7 U.S.C. §2021 ("Civil penalties and disqualification of retail food stores and wholesale food concerns"). Section 2021 provides that the Secretary of the USDA "shall issue regulations providing criteria for the disqualification . . . of an approved retail food store or a wholesale food concern that is disqualified from accepting benefits under [WIC]," 7 U.S.C. § 2021(g)(1), and it explicitly states that

"notwithstanding" 7 U.S.C. § 2023, such a disqualification "*shall not be subject to judicial or administrative review.*" Id. at §2021(g)(2)(C) (emphasis added).

The implementing regulations under §§2021(g)(1), (2) mandate that FNS "shall disqualify from SNAP any firm which is disqualified from the WIC program." 7 C.F.R. §278.6(e)(8). They provide, however, that FNS "shall not disqualify a firm from SNAP on the basis of a WIC disqualification unless:

> (A) Prior to the time prescribed for securing administrative review of the WIC disqualification action, the firm was provided individual and specific notice that it could be disqualified from SNAP based on the WIC violations committed by the firm;
>
> (B) A signed and dated copy of such notice is provided to FNS by the WIC administering agency; and
>
> (C) A determination is made in accordance with paragraph (a) of this section that such action will not cause a hardship for participating SNAP households.

7 C.F.R. §278.6(e)(8)(ii).

Under the regulation, the reciprocal disqualification from SNAP must be for the same length of time as the WIC disqualification, may begin at a later date than the WIC disqualification, and "*shall not be subject to administrative or judicial review under SNAP.*" 7 C.F.R. §278.6(e)(8)(iii)(A), (C) (emphasis added).

So—the language of both the statute and the implementing regulations preclude judicial review of final decisions by the FNS imposing reciprocal SNAP disqualifications on retail stores that were disqualified from the WIC program. 7 U.S.C. §2021(g)(2)(C) (disqualifications from SNAP based on a disqualification from WIC "notwithstanding section 2023 of this title, shall not be subject to judicial or administrative review")and 7 C.F.R. §278.6(e)(8)(iii)(C).

11

Several courts have interpreted the statute and regulation cited above as depriving courts of subject matter jurisdiction to review reciprocal SNAP disqualifications. Twin Grocery v. Deegan, No. 16-6151, 2017 WL 2362410, at *4 (E.D. Penn. May 31, 2017); Guzman v. U.S. Dep't of Agric. Food & Nutrition Serv., 931 F. Supp. 2d 488, 495 (S.D.N.Y. 2013); Hamdi Halal Market LLC v. United States, 947 F. Supp. 2d 159, 162 (D. Mass. 2013); M.J. Martins Enterprises, Inc. v. U.S. Dept. of Agric., 881 F. Supp. 2d 229, 232 (D. Mass. 2012); Simone Enter., LLC, v. U.S. Dep't. of Agric., No. 11-cv-301, 2011 WL 3236222, at *2–3 (E.D. Wis. July 27, 2011); Islam Corp. v. Johanns, No. 3:05-CV000801-S, 2007 WL 1520930, at *2 (W.D. Ky. May 21, 2007); Salmo v. U.S. Dept. of Agric., 226 F. Supp. 2d 1234 (S.D. Cal. 2002). While none of these decisions constitute binding authority on this court, they track the statutory language. The court agrees that that the language of the statute is unambiguous—there is no judicial review in a case where the FNS disqualifies a store from participating in SNAP because of a prior WIC disqualification.

The plaintiffs present a fairly nuanced argument in response. On the one hand, they do not dispute that they cannot relitigate the WIC disqualification. Dkt. No. 17 at 19. They shift the focus from the disqualification to the denial of the hardship civil monetary penalty, asserting that the "core matter at issue in this case is whether the plaintiffs are entitled to the issuance of a hardship civil money penalty." Id. at 3. On the other hand, they argue that the "USDA's subsequent evaluation and findings regarding both reciprocity under its own rules and the appropriateness of a HCMP [hardship civil money penalty] are

subject to review both administratively and judicially." Id. at 19. If the court correctly understands the plaintiffs' position, they are not challenging the disqualification but rather (1) the defendant's alleged failure to comply with the regulations that would authorize the defendant to impose a sanction and (2) the defendant's decision to deny a hardship civil money penalty.

In their opposition brief, the plaintiffs gloss over the statutory language barring judicial review of the reciprocal SNAP disqualification and focus on what they believe are the equities. They first point to the inconsistencies in the defendant's position, noting the statute bars both "administrative review *and* judicial review" of a reciprocal SNAP disqualification. Id. 10. The plaintiffs reason that, if the defendant's position was consistent, the defendant never would have allowed an administrative review of its disqualification decision or sent them notices of their right to appeal, because the statute bars administrative review. Id. They find it "ironic" that the defendant now claims that the plaintiffs are not entitled to such review when the plaintiffs were able to locate three different decisions by the defendant's Administrative Review Office "utilizing its discretionary authority to approve hardship civil money penalties in lieu of WIC disqualifications." Id. at 9, 11. The plaintiffs further argue that without an avenue for appeal, any FNS decision could deprive store owners of a property interest (revenue) without due process. Id. at 12. The plaintiffs say that "[w]hile the Agency leans heavily on the concept of sovereign immunity in its arguments that 7 U.S.C. §2021 restricts this judicial review, even if it were right, it would be wrong." Id.

The plaintiffs devote a portion of their opposition brief to restating the claims in their complaint and their arguments in support of their now-withdrawn motion for a preliminary injunction. Id. at pp. 12-14. First, they attack the Charge Letter from the USDA, asserting that an "individual and specific notice" cannot be a combination of notices as was sent in this case. Id. at 13. Second, they contend there was no "signed and dated copy," which must be provided to FNS by the WIC administering agency for a disqualification from SNAP. Id. at 13 (citing 7 C.F.R. §278.6(e)(8)(ii)). Third, they say it is "entirely unclear to the Plaintiffs whether the USDA actually made a determination in accordance with the applicable regulations regarding the eligibility of the plaintiffs for a hardship civil money penalty as the USDA only provided the Plaintiffs with a generic denial of their eligibility for said hardship penalty." Id. at 13. In a separate section of the brief, the plaintiffs argue that the October 26, 2020 Charge Letter failed to indicate which violation qualified under which subsection of 7 C.F.R. §278.6(3)(8)(i)(A)-(F). Id. at 14.

The plaintiffs have cited no authority allowing this court to disregard the explicit statutory language and review the SNAP disqualification. The statute unequivocally allows for review of direct violations but equally unequivocally precludes review of reciprocal disqualifications from SNAP resulting from WIC violations. 7 U.S.C. §2021(g)(2)(c). To the extent the plaintiffs are trying to make a due process argument, it appears to be more of a hypothetical, worst-case-scenario policy argument about the chaos that could result if store owners cannot obtain any kind of review in cases like these. But the plaintiffs' own

allegations and exhibits (attached to the complaint at Dkt. No. 1-2 and to the motion for injunctive relief) demonstrate that, while the plaintiffs have a property interest in participating in the SNAP program, they personally had notice and an opportunity to be heard. They received a notice on April 6, 2020, regarding the possibility of a SNAP disqualification, they filed for an administrative review of the USDA's decision to disqualify them, they presented arguments and evidence in support of their position and in support of their request for a hardship civil money penalty. Dkt. No. 2-1 at 2. The plaintiffs further acknowledge that in a letter and opinion dated February 26, 2021 (received on March 1, 2021), their appeal was denied. Id. They seem to argue that due process violations would become prevalent if courts were to comply with the judicial bar to review in all cases. Dkt. No. 17 at 12 ("Otherwise, the retailer would be deprived of a property interest (revenue) without due process. The Agency could act however it saw fit, issue reciprocal disqualifications, take away SNAP revenue from retailers with literally no recourse to the retailer."). Whether or not that is true, that is a policy issue for the plaintiffs to raise with the legislature. It is not a basis for this court to ignore the unambiguous language of the statute and the regulation.

The same is true for the plaintiffs' argument that the defendant's arguments are inconsistent. The fact that the defendant conducts administrative reviews (despite the language of 7 U.S.C. §2021(g)(2)(C)) does not somehow authorize this court to ignore the statutory bar to judicial review. For whatever reason, the plaintiffs received the benefit of a review that the

statute says was precluded. That fact has no bearing on whether this court may ignore the language of the statute; it may not.

The court cannot review the defendant's imposition of a reciprocal disqualification and will dismiss that claim for lack of jurisdiction.

B.     *Denial of the Request for a Hardship Civil Money Penalty*

To the extent that the plaintiffs argue that the defendant failed to comply with its own regulations leading up to and resulting in the denial of the hardship civil monetary penalty request, the statute *does not* expressly preclude judicial review. The regulation explains that a "civil money penalty and a disqualification" both are considered sanctions for purposes of a disqualification or penalty determination. 7 C.F.R. §278.6(e). The regulation discusses SNAP disqualifications and says that the disqualification "shall not be subject to administrative or judicial review under SNAP." 7 C.F.R. §278.6(e)(8)(iii)(C). In a separate subsection, the regulation discusses the criteria for civil money penalties. 7 C.F.R. §278.6(f). The structure of the regulation is such that while disqualifications are not subject to judicial review, there is no explicit bar to judicial review of the denial of a hardship civil monetary penalty as a sanction in lieu of disqualification.

The defendant concedes that several courts, including a court in this district, have found that the statute and the regulation do not preclude limited judicial review of a final FNS decision denying the alternative civil monetary penalty. Dkt. No. 11 at 16. In this district, now-retired Magistrate Judge Patricia J. Gorence held that the plain language of the statue and

16

implementing regulations prohibits judicial review of FNS decisions to disqualify stores from SNAP based on prior disqualification from WIC but does not preclude review of the decision regarding the alternative hardship civil monetary penalty. Simone, 2011 WL 3236222, at *3. Judge Gorence determined that the scope of review in such instances is "limited to determining 'whether the agency properly applied the regulations.'" Id. (quoting Goldstein v. United States, 9 F.3d 521, 523 (6th Cir. 1993)).

Other courts have applied a similar analysis, including the Eastern District of Pennsylvania, Twin Grocery, 2017 WL 2362410, at *4, and the Southern District of New York, Guzman, 931 F. Supp. 2d at 495 (finding the court lacked jurisdiction to review FNS's imposition of a reciprocal disqualification but not the refusal to impose a civil money penalty in lieu of disqualification). See also, M.J. Martins Enterprises, 881 F. Supp. 2d at 231-32 ("If the plaintiff had challenged the FNS decision not to impose a CMP in lieu of disqualification, a matter not expressly exempt from judicial review, see 7 U.S.C. § 2021(g); 7 C.F.R. § 279.7(a), this Court might have had subject-matter jurisdiction to hear its appeal."); Dasmesh Enterprises, Inc. v. U.S., 501 F. Supp. 2d 1033, 1039 (W.D. Mich. 2007) (finding that the court had jurisdiction to review the agency's decision not to impose a money penalty in lieu of disqualification, without analyzing the statute); Hamdi Halal Market, 947 F. Supp. 2d at 166 (finding that 7 U.S.C. §2021(g) does not specifically except the refusal to impose the alternative civil monetary penalty from judicial review). In 2017, the Second Circuit reviewed the denial of a hardship civil money penalty

17

under an arbitrary and capricious standard, adding that the sanction does not violate the standard when the agency properly adheres to its own settled policy and guidelines. Kawran Bazar, Inc. v. United States, 721 F. App'x. 7, 8 (2d Cir. 2017).

While citing some of these cases and acknowledging that they would support a determination that the court has limited jurisdiction to review the defendant's refusal to impose the alternative hardship civil monetary penalty, the defendant asks the court to follow the reasoning in a single, recent decision from the Eastern District of California—a decision the defendant argues is more "thoroughly considered"—that found no difference between a disqualification or the denial of a hardship civil money penalty. Abdulla v. United States, No. 1:19-cv-00543-AWI-SKO, 2020 WL 1157916, *5 (E.D. Ca. Mar. 10, 2020). The Abdulla court concluded that cases such as Guzman rest on a "false distinction between disqualification, on the one hand, and denial of a civil money penalty in lieu of disqualification, on the other, and erroneously assume that the FNS has discretion to substitute a civil money penalty for disqualification in actions arising from WIC disqualification." Id. The court explained:

> With respect to reciprocal disqualification, applicable regulations state that: "FNS *shall disqualify* from SNAP any firm which is disqualified from the WIC Program" (provided one or more additional criteria irrelevant to this analysis are satisfied), 7 C.F.R. § 278.6(e)(8)(i) (emphasis added); that "FNS *shall not disqualify* a firm from SNAP on the basis of a WIC disqualification *unless* ... [a] determination is made ... that such action *will not cause a hardship* for participating SNAP households," 7 C.F.R. § 278.6(e)(8)(ii)(C) (emphasis added); and that "a SNAP disqualification" pursuant to 7

18

C.F.R. § 278.6(e)(8) "[s]hall not be subject to ... judicial review under SNAP." 7 C.F.R. § 278.6(e)(8)(iii)(C).

As to civil monetary penalties, 7 C.F.R. § 278.6(a) states (emphasis added): "FNS may, in lieu of a disqualification, subject a firm to a civil monetary penalty ... *if FNS determines that a disqualification would cause hardship* to participating households." And 7 C.F.R. § 278.6(f)(1) states (emphasis added):

> FNS *may impose a civil monetary penalty as a sanction in lieu of disqualification* when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's *disqualification would cause hardship* to SNAP households ....

The FNS, therefore, can take no action at all in connection with a WIC disqualification without first making a hardship determination. If the FNS determines, in an action arising from WIC disqualification, that SNAP disqualification would not cause hardship for SNAP households, reciprocal disqualification is mandated and the FNS has no discretion to substitute a civil monetary penalty (or any other sanction). See 7 C.F.R. § 278.6(e)(8)(i)-(ii). And if, conversely, the FNS determines in an action arising from a WIC disqualification that SNAP disqualification would cause hardship for SNAP households, the regulations allow FNS to impose a civil monetary penalty (or no sanction at all), but expressly prohibit disqualification. See 7 C.F.R. §§2 78.6(a), (f)(1), (e)(8)(ii).

Consequently, the Court sees no scenario arising from a WIC disqualification (as opposed to a direct violation of SNAP regulations) where the FNS has discretion to impose a civil monetary penalty "in lieu of disqualification." At least in the context of an action arising from a WIC disqualification, the sanction flows from the outcome of the hardship assessment required by 7 C.F.R. § 278.6(e)(8)(ii), and the two sanctions in question – disqualification and civil monetary penalty – are never interchangeable. Thus, as to FNS action predicated on a WIC disqualification, "denial of a civil monetary penalty in lieu of disqualification" – or a "decision not to impose a civil monetary penalty in lieu of disqualification" – is, at best, another way of referring to reciprocal disqualification. And where, as here, a plaintiff putatively seeks review of the "denial" of a civil monetary penalty in lieu of SNAP disqualification based on WIC disqualification, that plaintiff is necessarily seeking (as the Complaint in this case amply demonstrates) review of the 7 U.S.C.

§ 278.6(e)(8) disqualification itself. As set forth *supra* in Part I, the Court has no power to provide such review, <u>see</u> <u>Salmo</u>, 226 F. Supp. 2d at 1235–36, and this case must therefore be dismissed for lack of subject matter jurisdiction to the extent it concerns "denial" of a civil monetary penalty in lieu of disqualification.

<u>Id.</u>

The <u>Abdulla</u> court reasons that a hardship civil monetary penalty is an alternative sanction to the sanction of disqualification for the same sanctionable conduct, so seeking review of the denial of the alternative civil money penalty is, at its core, a request for review of the disqualification. This court is not certain it agrees entirely, but it sees the logic. The argument, however—logical or not—appears to ignore the statutory and regulatory language that explicitly bars judicial review of reciprocal SNAP disqualifications but omits language that explicitly bars judicial review of the denial of a request for a hardship civil monetary penalty in lieu of the disqualification. As the Supreme Court has said many times over the years, "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" <u>Salinas v. United States R.R. Retirement Bd.</u>, ___ U.S. ___, 141 S. Ct. 691, 698 (Feb. 3, 2021) (quoting <u>Russello v. United States</u>, 464 U.S. 16, 23 (1983)). Congress could have explicitly articulated a bar to judicial review of the denial of the alternative hardship civil monetary penalty in lieu of disqualification, but did not.

Given this, and the ample case law supporting the conclusion that there is no statutory bar to judicial review of a denial of the alternative hardship civil

monetary penalty, the court finds that it has subject-matter jurisdiction to review that denial.

The court agrees with the defendant on one point—that the review of the denial of a hardship civil money review is limited in its scope. See H and A Corp. v. United States, No. 14-13783-MLW, 2016 WL 6139950, * 4 (D. Mass. Feb. 5, 2016); Diaz Supermarket, Inc. v. U.S., No. 10-30238, 2011 WL 3705197, at *2 (D. Mass. Aug. 23, 2011) (citing Simone in noting that review is limited to determining whether the agency properly applied the regulations; Dasmesh Enterp., Inc. v. United States, 501 F. Supp. 2d 1033, 1039 (W.D. Mich. 2007) ("noting that, in a case involving reciprocal disqualification, "[e]ven though the Court has jurisdiction to review the agency's decision not to impose a money penalty in lieu of disqualification, the determination of a sanction to be applied by an administrative agency . . . is subject to very limited judicial review.").

The court lacks jurisdiction to review the three-year disqualification from SNAP but has jurisdiction to review the plaintiffs' claim regarding the steps leading to and including the denial of the hardship civil money penalty.

V.      Failure to State a Claim Under Rule 12(b)(6)

The defendant argues that even if the court has subject matter jurisdiction, the complaint must be dismissed for failure to state a claim because the FNS acted in accordance with all applicable regulations. It argues that the April 6, 2020 "Notice and Order" advised the plaintiffs of the WIC disqualification, the right to administrative review by making a timely request,

21

and the possibility of disqualification from SNAP. The plaintiffs received this notice six months before the October 26, 2020 charge letter consistent with 7 C.F.R. §278.6(e)(8)(ii). Dkt. No. 11 at 20. The court will not address this argument because it has concluded that it does not have jurisdiction to review the disqualification.

The defendant argues that, to the extent judicial review is available regarding the denial of the request for a civil money penalty, the court's review is limited to determining whether the agency properly applied the regulation. Dkt. No. 11 at 21 (citing Simone, 2011 WL 3236222, at *5). The defendant attached the final agency decision to its motion to dismiss, arguing that the FNS "gave full attention and consideration to all contentions presented." Dkt. No. 23. The defendant urges the court to find that it properly applied the regulation in reaching that decision. Id.

The parties' arguments require the court to conduct a limited review of the defendant's decision to deny the alternative civil monetary penalty decision, which requires the court to make factual findings. But this is a motion to dismiss. The defendant acknowledges that such review typically does not happen at the motion-to-dismiss stage but notes that the court may consider the pleadings and documents attached by the defendant under Rule 10(c) of the Federal Rules of Civil Procedure if those documents were referenced in the complaint and deemed central to the plaintiffs' claim. Dkt. No. 11 at 5 (citing Unswer v. Reliance Standard Life Ins. Co., 2020 WL 584755, at *2 (W.D. Wis. Feb. 6, 2020)).

The defendant cites to <u>Simone</u>, where Judge Gorence applied a limited scope of review to the denial of a hardship civil money penalty. 2011 WL 3236222, at *2, 3. The court concedes that in that case, Judge Gorence granted the defendant's motion to dismiss, but the procedural posture was slightly different than the one in this case. The plaintiff in <u>Simone</u>, had filed a motion for preliminary injunction and the defendant had responded with a motion to dismiss under Rule 12(b)(1) (lack of jurisdiction), not under Rule 12(b)(6). The plaintiff did not oppose the motion to dismiss, so Judge Gorence considered not only the allegations in the complaint but the arguments raised in the plaintiff's motion for preliminary injunction. <u>Id.</u> She also considered the verified administrative record, reasoning that the record contained adjudicative facts that were not "subject to reasonable dispute" because their "accuracy could not be questioned." <u>Id.</u> She concluded that the decision not to impose the civil money penalty was a valid decision and granted the motion to dismiss.

Here, the plaintiff filed a motion for preliminary injunction, and the defendant responded with a motion to dismiss. But the defendant filed the motion to dismiss *before* before filing the administrative record. The plaintiff responded to the motion to dismiss by providing evidence outside of the four corners of the complaint. The defendant filed the administrative record (albeit without an affidavit or verification) after the motion to dismiss was fully briefed, so the pleadings do not cite to that record and it is much more comprehensive than any of the attachments to the pleadings. The plaintiff attached some

23

evidence to the complaint, but most of the evidence it provided was provided in the context of its now-withdrawn motion for injunctive relief.

Several of the courts whose decisions the court discussed above have considered a challenge to the denial of an alternative civil monetary penalty in the context of summary judgment. See, e.g., Guzman, 931 F.Supp.2d 488 (determining on summary judgment that the record contained no evidence to show that suspending the store presented a hardship to the community); Hamdi Halal Market, 947 F. Supp. 2d at 165-166 (determining on summary judgment that a review of the evidence showed that the plaintiff had no factual basis to challenge the denial of the CMP); Twin Grocery, 2017 WL 2362410, at *4, 5 (determining on summary judgment that the undisputed facts supported a conclusion that the denial of the CMP was rationally based).

For the court to determine whether the defendant properly applied the regulation in denying the plaintiffs' request for an alternative HCMP, it must determine whether the defendant complied with 7 C.F.R. §278.6(f)(1). That regulation says that the FNS may impose a civil monetary sanction in lieu of the disqualification "when the firm subject to a disqualification is selling a substantial variety of staple food items and the firm's disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." The regulation also says that FNS may disqualify a store meeting the criteria for a civil monetary sanction if that store previously had

24

been assigned a sanction. These are factual determinations requiring the court to review the evidence and make findings.

As the court has noted, the plaintiffs attached some factual evidence to the complaint (dkt. no. 1-2), but that evidence relates more to their argument that the defendant did not follow the regulations in imposing the reciprocal disqualification, a decision the court has decided it does not have the authority to review. The plaintiffs also attached some evidence to their motion for a preliminary injunction; that evidence relates to the percentage of households in the store area that receive SNAP benefits, the percentage of those households that include children or disabled persons, the number and type of other stores in the area and the items the plaintiffs' store carries. Dkt. Nos. 2-4, 2-5. The defendant attached to its motion to dismiss the Final Agency Decision of the USDA, FNS. Dkt. No. 11-1 at pp. 1-8. The decision found "sufficient evidence to support the Retailer Operation Division's denial of a hardship civil money penalty in lieu of a three-year disqualification from the SNAP." Id. at 1. That decision includes a discussion of the issue, authority, procedural history, standard of review, the controlling law and regulations, and addresses each of the plaintiffs' contentions. Id. at 1-8.

But because there now is an administrative record on the docket, and because the evidence the plaintiffs provided was provided in the context of the withdrawn motion for injunctive relief, the court concludes that the issue of whether the defendant properly applied the regulation in denying the plaintiffs' request for the alternative hardship civil monetary penalty should be resolved

25

by summary judgment. Perhaps the parties' pleadings will not differ much in terms of the facts they argue, but they will present those facts and cite the evidence under the appropriate standard and will, the court assumes, incorporate relevant portions of the administrative record.

The court will deny the defendant's Rule 12(b)(6) motion to dismiss the plaintiffs' challenges to the defendant's refusal to impose a hardship civil monetary penalty as an alternative to the reciprocal disqualification from SNAP.

IV.     Conclusion

The court **ORDERS** that the plaintiffs' motion for preliminary injunctive relief is deemed **WITHDRAWN** per the plaintiffs' October 20, 2021 notice (dkt. no. 23). Dkt. No. 2.

The court **GRANTS IN PART AND DENIES IN PART** the defendant's motion to dismiss. Dkt. No. 10. The court dismisses for lack of subject matter jurisdiction the plaintiffs' claim to the extent that the plaintiffs seek review of the reciprocal SNAP disqualification. The court **DENIES** the defendant's motion to dismiss to the extent that the plaintiffs seek review of the denial of their request to impose a hardship civil monetary penalty as an alternative to the reciprocal SNAP disqualification.

The court **ORDERS** that the following briefing schedule governs the filing of dispositive motions:

The defendant must file its summary judgment motion and supporting materials on the remaining issue by the end of the day on **December 10, 2021**.

The plaintiffs must file their opposition brief and supporting materials by the end of the day on **January 21, 2022**.

The defendant must file its reply brief (if any) in support of its motion for summary judgment by the end of the day on **February 4, 2022**.

The parties may seek extension of any of these deadlines by filing a written motion requesting such extension before the relevant deadline has expired.

Dated in Milwaukee, Wisconsin this 21st day of October, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**